```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
    UNITED STATES OF AMERICA,

                -v-                                    1:16-cr-656-GHW-3

    KENNETH LACEN,                           ORDER

                      Defendant.
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    On November 17, 2020, the Court received a letter filed by Kenneth Lacen. Dkt. No. 796. In his letter, Mr. :Lacen requests that the Court order him released on compassionate release in connection with the COVID-19 pandemic. Mr. Lacen does not suggest that he suffers from any physical illness that enhances his risk in the event that he were to be exposed to the virus. Instead, he supports his request by pointing to his two children, who need him in order to provide "emotional, financial, and fatherly support." *Id.* at 2.

    On November 7, 2017, the Court sentenced Mr. Lacen to 108 months with respect to Count I of the charging instrument, and to 60 months with respect to Count II, to be served consecutively. During sentencing, the Court commented with concern about the nature of Mr. Lacen's offenses and Mr. Lacen's criminal history—in particular his history involving the use and threatened use of firearms. Sentencing Transcript, Dkt. No. 417, at 22-23.

    The Court must deny the application for compassionate release at this time because it is not apparent from Mr. Lacen's letter that he has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before

bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). Mr. Lacen's application does not establish that Mr. Lacen made a request to the warden before addressing this request to the Court, as required by the statute.

In order for Mr. Lacen to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons make an application for compassionate release on his behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Lacen to make an application to the Court. The Court requests that in any subsequent application, Mr. Lacen provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Lacen, and to terminate the motion pending at Dkt. No. 796.

SO ORDERED.

Dated: November 28, 2020

GREGORY H. WOODS
United States District Judge